UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALERIE SWANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0378-CVE-SH |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Remand (Dkt. # 4). Plaintiff asks the Court to remand the case to Creek County District Court based on the defendant's untimely notice of removal. Dkt. # 4, at 1. Defendant responds that plaintiff's petition filed in Creek County District Court "did not facially assert a claim" that exceeded the $75,000 amount in controversy requirement. Dkt. # 12, at 1. Further, defendant contends they first received "clear and unequivocal notice" that plaintiff's claims exceed $75,000 on August 26, 2022, in plaintiff's responses to defendant's first request for admissions. Id., at 1-2. Defendant asserts that plaintiff's August 26, 2022 response is an "other paper from which it may first be ascertained that the case is one which is . . . removable," 28 U.S.C. § 1446(b)(3), and thus their notice of removal is timely. Id., at 1, 3.

On June 30, 2022, plaintiff filed this case in Creek County District Court, alleging breach of contract and breach of the covenant of good faith and fair dealing for failure to pay plaintiff's property insurance claim. Dkt. # 2-1. The petition states that plaintiff is seeking damages in the amount of $75,000 for breach of contract, together with attorney's fees and costs. Id., at 2. In addition, the petition states that plaintiff is also seeking damages in excess of $10,000 for breach of

the covenant of good faith and fair dealing, as well as punitive damages in excess of $10,000. Id., at 3, 4. Plaintiff served defendant on or about July 11, 2022. Dkt. # 2, at 1. On August 26, 2022, defendant received plaintiff's responses to defendant's first request for admissions, in which plaintiff admitted the amount in controversy exceeds $75.000. Dkt. # 2-4, at 4. Defendant filed the notice of removal (Dkt. # 2) on August 30, 2022, and on the same date plaintiff filed this motion to remand (Dkt. # 4).

Removal to federal court is permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." Id. at 955.

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28

U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. V. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

Under § 1446(b), a defendant's 30 day period to file a notice of removal begins when the defendant "is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts'" supporting removal. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)). The 30 day time period for removal "does not begin until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." Paros Properties LLC v. Colorado Casualty Ins. Co., 835 F.3d 1264, 1269 (10th Cir. 2016).

Defendant claims that plaintiff's petition "failed to clearly and unequivocally place [d]efendant on notice that the claimed damages exceeded $75,000." Dkt. # 12, at 3. Instead, defendant contends that plaintiff's August 26, 2022 response to defendant's request for admissions was the first "unequivocal" notice that plaintiff's claims exceeded $75,000, and, therefore, that was the date that defendant first ascertained that the case was removable under § 1446(b). Id., at 1-3. Defendant is mistaken.

The Court reviewed plaintiff's petition and finds that it clearly and unequivocally alleges damages in excess of $75,000. The petition states that plaintiff is seeking damages of $75,000 for breach of contract, together with attorney's fees and costs. Dkt. # 2-1, at 2. In addition, the petition states that plaintiff is also seeking damages in excess of $10,000 for breach of the covenant of good

---

[1] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

faith and fair dealing, along with punitive damages in excess of $10,000. Id., at 3, 4. Combined, plaintiff's petition clearly and unequivocally alleges damages in excess of $95,000, well above the $75,000 amount in controversy threshold. 28 U.S.C. § 1332(a). Therefore, defendant's 30 day period to file a notice of removal began when they received the petition, as that was when defendant was able to ascertain removability. Defendant was served with the petition on July 11, 2022. Dkt. # 2, at 1. Defendant filed its notice of removal (Dkt. # 2) on August 30, 2022, which was 20 days beyond the 30 day period required by 28 U.S.C. § 1446(b) and therefore untimely.

The Court finds that plaintiff's motion to remand should be granted, because defendants failed to file the notice of removal within 30 days of receiving plaintiff's petition, an event giving them unequivocal notice that the suit was removable.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Dkt. # 4) is **granted**, and this matter is **remanded** to Creek County District Court.

**DATED** this 7th day of September, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE